UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10272-GAO

REVOLUTIONS MEDICAL CORPORATION,
Plaintiff,

v.

GODDARD TECHNOLOGIES, INC.,
Defendant.

<u>ORDER</u>
March 17, 2015

O'TOOLE, D.J.

Defendant Goddard Technologies, Inc. seeks to compel answers to interrogatories and document production from plaintiff Revolutions Medical Corporation, Inc. ("RMC"). The Court will address each of Goddard's requests in turn.

Goddard claims that RMC has failed to identify the intellectual property that RMC allegedly entrusted to Goddard as requested in Interrogatories 7 and 13. In its opposition, RMC claims that it has provided this information to Goddard by referring to "the contract . . . which specifically identifies the ReVac Pre-filled Syringe Technology" and "provisional patent applications for this technology filed by RMC." (Opp. at 2 (dkt. no. 88).) However, the interrogatory responses contained in the Supplemental Answers do not contain such information and merely state that the requested information is "confidential . . . and the intellectual property of RMC." (Second Supplemental Answers, Ex. A at 5 (dkt. no. 88-1).) As a confidentiality order (dkt. no. 80) has been entered in this case and RMC's responses to the interrogatories are not responsive, RMC should be compelled to provide complete answers to Interrogatories 7 and 13.

Goddard next contends that RMC has not stated the basis for its method of calculating damages as requested in Interrogatories 14 and 15. However, RMC's responses to Interrogatory 14 contain specific figures as to attorneys' fees, payments made to Goddard, and estimates based on earnings of similarly situated companies. (Second Supplemental Answers, Ex. A at 9 (dkt. no. 88-1).) Although RMC declined to specify total damages, it provided redacted invoices to Goddard and explained that its damages continue to accrue. As RMC has provided a detailed and responsive answer, this request should be denied.

Lastly, Goddard argues that RMC has refused to produce patent applications and patents involving the syringe work at issue; materials from a related SEC action; and sales information and contracts for certain syringe products. Although RMC has tendered some documents, it refuses to disclose information concerning the 3ml ReVac Syringe. RMC argues that Goddard has erroneously conflated two syringe produces – the 3ml ReVac syringe and the pre-filled syringe – and the 3ml ReVac syringe is not at issue here. However, the Complaint explicitly references the 3ml ReVac safety syringe with respect to the March 2009 contract. (Am. Compl. ¶¶ 33, 49 (dkt. no. 39).) As the Complaint includes claims arising from the alleged breach of this contract, information related to the safety syringe is relevant and discoverable. Further, insofar as RMC is concerned that production of these documents may jeopardize proprietary information, it is protected under the confidentiality order. Accordingly, Goddard's request for further document production should be granted.

For the reasons stated herein, the defendant's Motion to Compel Discovery (dkt. no. 86) is GRANTED in part and DENIED in part. The plaintiff is hereby compelled to provide complete answers to Interrogatories 7 and 13 and produce documents relating to intellectual property involving the plaintiff's syringe design work, the SEC action, and safety syringe sales information. The defendant's request for sanctions is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge